IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE PATTERSON,** an individual | ) ) ) |
| Plaintiff, | ) 2:09-cv-1089 ) |
| v. | ) ) |
| **OLIVET INTERNATIONAL, INC.**, a California Corporation, **LYDIA MOON**, an individual, and **JERRY MOON**, an individual, | ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT LYDIA AND JERRY MOON'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION, Docket entry number 8, with brief in support (Doc. # 9), filed by Defendants Lydia Moon and Jerry Moon. Plaintiff filed a reply in opposition (Doc. # 10), with brief in support (Doc. # 11). The motion is ripe for disposition.

### Statement of the Case

Plaintiff initiated this diversity action on August 17, 2009, by filing a Complaint which alleged counts of breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, and a violation of the Pennsylvania Wage Payment and Collection Act, 43 Pa..C.S.A. § 260.2(A) against Defendant Olivet International, Inc. *See generally* Doc. # 1 at Counts I - IV. Defendant Olivet International, Inc. answered the Complaint on October 19, 2009. Doc. # 5. In addition to the claims against Defendant Olivet International, Plaintiff claims two of the officers of Olivet International - Defendants Lydia Moon and Jerry Moon, likewise violated

the Pennsylvania Wage Payment and Collection Law ("WPCL").  More specifically in Count V, Plaintiff alleges Defendants Lydia Moon and Jerry Moon exercised authority regarding the payment of wages, benefits, and compensation, and further that they failed to make payment of the wages and benefits which were due Plaintiff.  Doc. # 1 at ¶¶ 47 - 53.  The Wage Payment and Collection Law, so Plaintiff contends, makes Defendants Lydia Moon and Jerry Moon civilly liable under 43 P.S. § 260.1 *et seq.*

Defendants Lydia Moon and Jerry Moon have moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(6) due to the fact that "[t]heir only contact with Plaintiff was through a handful of e-mails, phone calls and face-to-face meetings in California or other States."  Doc. # 9.

## **Standard of Review**

For the purpose of a 12(b)(2) motion, the Court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.  *Carteret Savings Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 192), *cert. denied*, 506 U.S. 817 (1992).  However, when challenged, the burden of establishing personal jurisdiction rests upon the plaintiff.  *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 482 (3d Cir. 1993). "Plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3rd Cir. 1984).[1]  The plaintiff must offer evidence that establishes with reasonable particularity the existence of sufficient contacts between the defendant and the forum state to support jurisdiction.  *See Carteret,* 954

---

[1] Whether a Court may exercise personal jurisdiction over a defendant is "inherently a matter which requires resolution of factual issues outside the pleadings." *Time Share Vacation Club, supra*, 735 F.2d at 67 n.9.

F.2d at 146; *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987).

Under Fed.R.Civ.P. 4(e), a federal district court may assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001), *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993); *see also*, *Stevens v. Meaut*, 264 F.Supp.2d 226, 229 (E.D.Pa 2003). In order to exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). The Court's first step is satisfied here. Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 Pa.Cons.Stat. § 5322(b). The statute also permits jurisdiction over a non-resident if the non-resident has "[c]aused harm or tortious injury by an act or omission in this Commonwealth" or "[c]aus[ed] any harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." § 5322(a)(3), (4).

The reach of the Pennsylvania long-arm statute is "coextensive" with the due process clause. *North Penn Gas v. Corning Natural Gas Co.*, 897 F.2d 687, 690 (3d Cir. 1990), *cert. denied,* 498 U.S. 847 (1990). The due process clause permits the court to assert personal jurisdictional over a nonresident defendant who has "certain minimum contacts with [the forum] such that the maintenance of [a] suit does not offend traditional notions of fair play and

substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). The Supreme Court has stated that "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109, 107 S.Ct. 1026 (1987) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174 (1985)).

When the district court does not "'hold an evidentiary hearing . . ., the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor'." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (*quoting Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)).

**Discussion**

A.      General Jurisdiction

Personal jurisdiction may be either general or specific. General jurisdiction is implicated when the claim arises from the defendant's non-forum-related activities. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 411 n.9 (1984). In such a case, the plaintiff "must show significantly more than mere minimum contacts." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To assert general jurisdiction, the plaintiff must demonstrate that the defendant's contacts with the forum state were "continuous and substantial." *Id.; Gehling v. St. George's Sch. of Med.*, 773 F.2d 539, 541 (3d Cir. 1985). The threshold for establishing general jurisdiction is very high and requires a showing of "extensive and pervasive" facts demonstrating connections with the forum state. *Reliance Steel Prods. Co.*

*v. Watson, Ess. Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir. 1982).

Defendants Lydia Moon and Jerry Moon have each submitted an affidavit attesting to the extent of their respective contacts with Pennsylvania, that they are residents of and are domiciled in Taiwan; neither has ever been to Pennsylvania for personal or business reasons; neither owns any property or real estate in Pennsylvania; when they travel to the United States, they move from city to city and state to state; neither maintains any bank accounts in Pennsylvania; and that neither met personally with Plaintiff between 2005 and 2009 in Pennsylvania.  Doc. # 9 at Ex. A and B.  Defendant Jerry Moon further attests to the fact that he "had no involvement in hiring Mr. Patterson or setting the terms and conditions of his compensation with Olivet International, Inc.  I had no involvement in any decisions on what and how to pay Mr. Patterson." *Id.* at Ex. A.

Whether a defendant's contacts are sufficiently "continuous and substantial" to support general jurisdiction must be decided on a case-by-case basis.  *Gavigan v. Walt Disney World Co.,* 630 F. Supp. 148, 150 (E.D. Pa. 1986).  The Court finds that Plaintiff has not established that either Defendant Jerry Moon or Lydia Moon have contacts with Pennsylvania which have been both continuous and substantial, and accordingly, the requirements for the exercise of general personal jurisdiction have not been met.

B.   Specific Jurisdiction

Specific jurisdiction, i.e. jurisdiction based upon a defendant's claim-specific contacts with the forum, is present only if the plaintiff's cause of action arises out of a defendant's contacts with the forum.  *See Helicopteros*, 466 U.S. at 414 n. 8.  In order to be subject to the specific jurisdiction within a particular forum, a defendant's forum-related activities must be of the kind such that the defendant should "reasonably anticipate being hailed into court" in that

5

forum. *Remick*, 238 F.3d at 255 (*citations omitted*). A plaintiff is required to show that the defendant has purposefully directed his activities toward the residents of the forum state and that the injury arises from or is related to those activities, *see id.* at 472; *see also*, *General Elec. Co. v. Deutz Ag*, 270 F.23d 144, 150 (3d Cir. 2001), or otherwise "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958).

In considering the scope of specific jurisdiction in contract disputes, the Court of Appeals for the Third Circuit has held:

> Questions of specific jurisdiction are properly tied to the particular claims asserted. In contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach. ... Parties who "reach out beyond [their] state and create continuing relationships and obligations with citizens of another state" are subject to the regulations of their activity in that undertaking. ... Courts are not reluctant to find personal jurisdiction in such instances. "[M]odern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity...."

*General Elec. Co.*, 270 F.3d at 150 (citations omitted). While a party's physical presence within the forum during pre-contractual negotiations, performance, and resolution of post-contract difficulties has generally been factored into the jurisdictional determination, actual territorial presence is not required, *Burger King Corp.,* 471 U.S. at 476, especially in light of the reality that, as a rule, modern commercial business arrangements are made by means of electronic communications. *General Elec. Co.*, 270 F.3d at 150. In such a setting, the intention to establish a common venture extending over a substantial period of time is more important than actual territorial presence. *Id.* at 151.

The record demonstrates both communicative contacts with the forum and a deliberate

assumption of long term obligations by the individual Moon Defendants. In support of his response in opposition, Plaintiff provided a declaration and copies of a series of email exchanges from 2005 between himself and Defendant Lydia Moon illustrating the forum-related contacts of Defendants Lydia Moon and Jerry Moon with respect to the terms of his employment. *See generally*, Doc. # 10 at Exhibits A, A-1, A-2, and A-3. In particular, Plaintiff notes that he has resided in Sewickley Borough, Allegheny County, Pennsylvania since 1995. (Doc. # 10 at Exhibit A, ¶ 1). Plaintiff was employed with Olivet International from January 1997 until January 1999. *Id.* at ¶ 5. During this period of employment, Plaintiff became acquainted with Defendants Lydia Moon and Jerry Moon. *Id.* at ¶ 9. After he left his position with Olivet in 1999, Plaintiff did not solicit or initiate any contact with either Moon Defendant, and that it was Defendant Lydia Moon who initiated contact with Plaintiff in Pennsylvania in January 2005 to return to work with Olivet. *Id.* at ¶¶ 12 & 13. Plaintiff spoke with both Moon Defendants via telephone from his home office in Pennsylvania regarding the details of his potential re-hire, to include the "key component" that he be permitted to work from his home office - a term that was accepted. *Id.* at ¶¶ 14 and 20. Plaintiff corresponded with Defendant Lydia Moon via email during the course of the re-hire discussion. *Id.* at ¶¶ 15 - 18; *see also*, Exhibits A- 1 through A-3. Defendant Jerry Moon was included in the distribution of the messages. *Id.*

In response in opposition to the motion to dismiss, Plaintiff also provided details of his position. He was the Executive Vice President of Sales between March 21, 2005 and May 29, 2005. Doc. # 1, Complaint at ¶ 14. During that time, Defendant Jerry Moon was the Chief Executive Officer of Olivet, and Defendant Lydia Moon was the President of Olivet. Doc. # 10 at Exhibit A, ¶ 8. As Executive Vice President, Plaintiff's duties included making sales to both

7

national accounts and Pennsylvania-based accounts.[2]  Plaintiff performed a majority of his duties in Pennsylvania.  *Id.* at ¶ 22.  He received daily email messages from Defendant Lydia Moon.  *Id.* at ¶ 23.  By his own estimation, on approximately fifty (50) occasions from his home office, he participated in telephone conferences with both of the Moon Defendants, who were in Taiwan.  Olivet International paid for an office telephone number and an office facsimile number for Plaintiff's home office, both with a Pennsylvania area code.  *Id.* at ¶ 26.  Taken as a whole, the behavior of the Moon Defendants on behalf of Defendant Olivet International clearly amounts to "purposeful direction" of business activity toward Plaintiff, a Pennsylvania resident.

C.      Fiduciary Shield Doctrine

Defendants Lydia Moon and Jerry Moon argue that the Court should not exercise jurisdiction over them simply by virtue of the fact that they are officers of Defendant Olivet International, under what is commonly referred to as the fiduciary shield doctrine.  Doc. # 9; *see also Componentone, L.L.C. v. Componentart, Inc.*, Civ.A. No. 2:05-cv-1122, 2007 WL 776930 (W.D.Pa. 2007).  As a general rule, "[i]ndividuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts." *Componentone, supra*; *see also Bowers v. NETI Technologies, Inc.*, 690 F. Supp. 349, 357 (E.D. Pa. 1988).

Courts will ignore the fiduciary shield doctrine in two circumstances.  First, a corporate agent may be held personally liable for torts committed in a corporate capacity.  *See Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3d Cir. 1978).  Second, if the corporate officer is charged with

---

[2]     The Pennsylvania accounts included potential retail customers, including Boscov's, Bon Ton, QVC, Dick's Sporting Goods, Urban Outfitters, and American Eagle. Doc. # 10 at Exhibit A, ¶ 21.

violating a statutory scheme that provides for personal, as well as corporate liability, courts have held that contacts with the forum which stem from corporate actions should be considered when evaluating whether the officer, as an individual, has minimum contacts with the forum which would support the assertion of personal jurisdiction. *See Davis v. Metro Productions, Inc.,* 885 F.2d 515 (9th Cir. 1989).

Count V of Plaintiff's Complaint alleges that Defendants Jerry Moon and Lydia Moon violated the Pennsylvania Wage Payment and Collection Law. The Court turns to that law in order to determine whether it provides for personal liability for individuals performing acts in a corporate capacity. Under the WPCL, an employer is defined to include:

> [E]very person, firm, partnership, association, corporation, receiver, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee, or any agent or officer of any of the above mentioned classes employing any person in this Commonwealth.

43 P.S. § 260.2a. Under the WPCL, an agent or officer will be held liable as an employer if it can be established that he or she was actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation. *See Tyler v. O'Neill*, 994 F.Supp. 603, 616 (E.D.Pa.1998). In that same vein, "[t]he definition of an 'employer' under the WPCL has been held to include a corporation's highest ranking officers, because they are the persons who are likely to have 'established and implemented the policy for the non-payment' of the wages and benefits at issue." *Belcufine v. Aloe*, 112 F.3d 633, 635 (3d Cir. 1997)(citation omitted); *see also Hay Acquisition Co. v. Bhula*, Civ.A. No. 04-cv-1236, 2004 WL 2106548 (E.D.Pa. 2004)(President and Chairman deemed positions that naturally call for an active involvement in the creation of company policy for purposes of WPLC). There is no

9

question that the Moon Defendants are high ranking officers of Olivet International. Likewise, both apparently had a role in the decision to re-hire Plaintiff. *See* Doc. # 10, at Exhibit A-1 (Email message from Defendant Lydia Moon to Plaintiff describing how she and Defendant Jerry Moon discussed rehiring Plaintiff with Jack Holodnicki, the President of Olivet's luggage division, and that "Jack, Jerry, and I all feel that with your knowledge and enthusiasm, you could definitely help our company grow.")

The Court notes that in his certification, Defendant Jerry Moon claimed that he had no involvement in the hiring of Plaintiff or setting the terms and conditions of his compensation, Doc. # 9 at J. Moon Cert. at ¶ 10, a claim that appears to conflict with the documents provided by Plaintiff. For the purpose of this determination, however, the pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the plaintiff. *See Carteret Savings Bank*, 954 F.2d at 142 n.1 (finding courts "must accept all the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff"); *see also Kishi Int'l, Inc. v. Allstates Textile Mach., Inc.*, Civ.A.No. 96-6110, 1997 WL 186324 at * 3 (In contrast to the summary judgment procedure, a court disposing of a 12(b)(2) motion does not weigh controverting assertions of the party seeking dismissal. Such a rule prevents non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts.)

Accordingly, the record provided by Plaintiff is sufficient to establish the appropriate level of contacts between Defendants Lydia Moon and Jerry Moon, two parties who are subject to personal liability under the WPCL and who are not shielded by the fiduciary shield doctrine.

D.  "Traditional Notions of Fair Play and Substantial Justice"

Finally, this Court's assertion of personal jurisdiction over the Moon Defendants is

neither unfair nor unreasonable.  While it may be less convenient for them to litigate in Pennsylvania as opposed to elsewhere, they apparently were able to actively oversee the performance of Plaintiff for four years with no apparent difficulties in communication or travel.  Moreover, a state such as Pennsylvania has an interest in assuring that its residents have a convenient forum to remedy contractual disputes.  *See Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154 (1950) (discussing state's interest that contractual obligations be observed).  Therefore, the Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice.

## Conclusion

In accordnace with the foregoing, DEFENDANT LYDIA AND JERRY MOON'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION is DENIED.

Defendants Lydia Moon and Jerry Moon shall file an answer to Plaintiff's Complaint on or before December 16, 2009.

So ordered, this 2nd day of December, 2009.


BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge

cc:   John A. Straka , III, Esquire
      Email: john@deedlaw.com

      Jennifer L. Sova, Esquire
      Email: sovaj@ballardspahr.com
      David S. Fryman, Esquire
      Email: Fryman@ballardspahr.com